UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BOSTON D. LIGHT,<br><br>Plaintiff,<br><br>v.<br><br>BYRAM HEALTHCARE CENTERS, INC. a.k.a. BYRAM HEALTHCARE PHARMACY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [12] DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION**<br><br>Case No. 2:25-cv-01059-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Defendant Byram Healthcare Centers Inc.'s ("Byram") Motion to Dismiss Plaintiff Boston D. Light's Third Cause of Action for breach of contract on the basis that the Utah Antidiscrimination Act ("UADA") preempts it.[1] Ms. Light informed the court that she does not oppose the motion.[2] For the reasons below, the court grants Byram's motion.[3]

## BACKGROUND

In February 2023, Byram hired Ms. Light to work at a call center where she performed duties related to providing pharmacy supplies to customers.[4] When Byram interviewed Ms. Light for the position, Byram allegedly promised that the position would become hybrid—with the option to work from home and the office—after six months.[5]

---

[1] Def.'s Mot. to Dismiss Pl.'s Third Cause of Action ("Mot."), ECF No. 12, filed Apr. 2, 2026.
[2] ECF No. 15, filed May 7, 2026.
[3] Having considered the briefing and relevant law, the court decides the matter without oral argument. *See* DUCivR 7-1(g).
[4] Compl. ¶ 12, ECF No. 1, filed Dec. 3, 2025.
[5] *Id.* ¶ 13.

In August 2023, Ms. Light informed Byram of her pregnancy.[6] Ms. Light alleges that after a discussion about the Pregnant Workers Fairness Act, Ms. Light asked for a work-from-home accommodation because she had been experiencing severe, ongoing nausea.[7] Byram initially denied the request and explained that a doctor's bed-rest order was necessary to obtain that accommodation.[8] Byram then gave Ms. Light instructions on how to file for disability insurance benefits.[9] Ms. Light, however, told Byram she did not want to file for disability or take a leave of absence.[10]

In mid-August, Byram provisionally granted a work-from-home accommodation for Ms. Light.[11] At that time, however, Ms. Light's condition worsened, and she requested a transfer to the data entry team because she was "no longer comfortable or efficient in taking phone calls."[12] Byram refused the request.[13] Ms. Light reiterated that she could not effectively perform her call-center position due to her pregnancy-related illness.[14] Byram then stated it had accepted her resignation.[15] However, Ms. Light alleges she did not resign and instead claims that Byram terminated her employment.[16]

Asserting that she has exhausted "all necessary and required administrative processes and remedies," Ms. Light filed this action against Byram in December 2025.[17] In her Complaint,

---

[6] Id. ¶¶ 24–28.
[7] Id. ¶¶ 28–30.
[8] Id. ¶¶ 31–35.
[9] Id. ¶ 36.
[10] Id. ¶¶ 36–37.
[11] Id. ¶ 40.
[12] Id. ¶¶ 40–43.
[13] Id. ¶46.
[14] Id.
[15] Id. ¶ 48.
[16] Id.
[17] Id. ¶¶ 5–10.

Ms. Light asserts three causes of action: (1) discrimination on the basis of gender, pregnancy, and disability in violation of federal antidiscrimination laws, (2) retaliation, and (3) breach of contract.[18]

## STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to the plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[19] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[20]

However, a "complaint cannot rely on labels or conclusory allegations—a 'formulaic recitation of the elements of a cause of action will not do.'"[21] Instead, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[22] "A claim has facial plausibility when the [pleaded] factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] "When analyzing plausibility, plaintiff's allegations are 'read in the context of the entire complaint' and a plaintiff need only 'nudge' their claim 'across the line from conceivable to plausible.'"[24]

---

[18] *Id.* ¶¶ 53–93.
[19] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (quoting *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)).
[20] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1131 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonald*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[21] *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2521 (2024) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).
[22] *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009).
[23] *Id.* (citing *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).
[24] *Greer*, 83 F.4th at 1292 (quoting *Chilcoat* v. *San Juan Cnty.,* 41 F.4th 1196, 1218 (10th Cir. 2022)) (also quoting *Twombly*, 550 U.S. at 570) (cleaned up).

**DISCUSSION**

Byram seeks dismissal of Ms. Light's breach of contract claim on the basis that the UADA preempts breach of contract claims based on violations of company policies that prohibit discrimination.[25] As stated above, Ms. Light does not oppose the motion.[26]

The UADA is "the exclusive remedy under state law for employment discrimination based upon . . . pregnancy, childbirth, or pregnancy-related conditions."[27] In *Gottling v. P.R., Inc.* and *Retherford v. AT&T Communications*, "the Utah Supreme Court has twice examined the scope of UADA preemption."[28] "In both cases, the Court reaffirmed that the UADA's exclusivity provision unambiguously indicates that the UADA preempts common law causes of action for employment discrimination based on the specific grounds it lists."[29]

In *Retherford*, the Utah Supreme Court first "articulated a two-part test to decide whether a statute preempts a common law cause of action."[30] First, the court "must determine[e] what injuries the UADA is designed to address."[31] The Utah Supreme Court "has established that the state legislature intended the UADA 'to address all manner of employment discrimination against any member of the specified protected group.'"[32] Therefore, "the UADA preempts all common law causes of action for discrimination, retaliation, or harassment by an employer on the basis of sex, race, color, pregnancy, age, religion, national origin, or disability."[33]

---

[25] Mot. 4–6.
[26] ECF No. 15, filed May 7, 2026.
[27] Utah Code § 34A-5-107(15).
[28] *Billy v. Edge Homes*, 2:19-cv-00058, 2020 WL 2572522, at *8 (D. Utah May 21, 2020).
[29] *Id.* (quoting *Gottling v. P.R. Inc.*, 2002 UT 95, ¶ 21, 61 P.3d 989) (also quoting *Retherford v. AT&T Commc'ns of Mountain States, Inc.*, 844 P.2d 961 (Utah 1992)).
[30] *Graham v. Albertson's LLC*, 2020 UT 15, ¶ 10, 462 P.3d 367 (citing *Retherford v. AT&T Commc'ns of Mountain States, Inc.*, 844 P.2d 949 (Utah 1992)).
[31] *Billy*, 2020 WL 2572522, at *8 (quoting *Retherford*, 844 P.2d at 966).
[32] *Id.* (quoting *Retherford*, 844 P.2d at 966).
[33] *Gottling*, 2002 UT 95, ¶ 21.

Second, the court "must determine whether 'employment discrimination . . . supplies an indispensable element of any of [the plaintiff's] causes of action."[34] Under this "indispensable element test," preclusion turns on "whether the type of injury the statute addresses is a necessary element" of the common law claim.[35] In other words, it is "neither the timing nor conduct" but rather "the nature of the injury" that determines preemption.[36] To avoid preemption, then, a plaintiff must demonstrate that the common law claim can be maintained "without alleging retaliatory harassment or other discriminatory injury covered by the UADA."[37]

Here, Ms. Light cannot make that showing. To the contrary, Ms. Light argues that she entered into a contract with Byram in reliance on its policies that prohibit pregnancy discrimination and that Byram breached that contract when it terminated her for discriminatory reasons.[38] Thus, Ms. Light alleges that Byram breached the contract by discriminating against her, which means that the injury she suffered is precisely what the UADA is designed to remedy. Therefore, Ms. Light cannot maintain her breach of contract claim without alleging a discriminatory injury. As a result, the claim fails the indispensable element test under Utah law, and the UADA preempts the claim.[39]

---

[34] *Billy*, 2020 WL 2572522, at *9 (quoting *Retherford*, 844 P.2d at 966).

[35] *Giddings v. Utah Transit Auth.*, 107 F. Supp. 3d 1205, 1209 (D. Utah 2015) (citing *Retherford*, 844 P.2d at 963).

[36] *Retherford*, 844 P.2d at 964–65 (cleaned up).

[37] *Billy*, 2020 WL 2572522, at *9 (quoting *Retherford*, 844 P.2d at 966–67). *See also Tremelling v. Ogio Int'l, Inc.*, 919 F. Supp. 392, 295 (D. Utah 1996) (applying the indispensable element test and holding that "a common law claim is preempted if retaliation is an indispensable element of the common law claim or, in other words, if the plaintiff would be unable to maintain the claim without alleging retaliatory harassment") (cleaned up).

[38] Compl. ¶¶ 89–92.

[39] *Christensen v. Phipps*, 1:22-cv-00041, 2023 WL 2390987, at *3 (D. Utah Mar. 7, 2023) ("Plaintiff's breach of contract claim is thus based on the same injury alleged in her discrimination claims and is therefore preempted by the UADA.") (citing *Code v. Utah Dep't of Health*, 2007 UT App 390, ¶ 8, 174 P.3d 1134).

## ORDER

Accordingly, the court GRANTS Defendant's Motion to Dismiss Plaintiff's Third Cause of Action.[40]

Signed June 9, 2026.

BY THE COURT

_____

David Barlow
United States District Judge

---

[40] ECF No. 12.